IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JUSTIN MARTIN BOYLES-GRAY | § | |
| VS. | § | CIVIL ACTION NO. 5:11cv63 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Justin Martin Boyles-Gray, an inmate confined at the Beto Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a conviction for aggravated assault with a deadly weapon.

The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge,  for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this court.  The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge concerning this matter.  The Magistrate Judge recommends the petition be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings.  Both parties filed objections to the Report and Recommendation.   The Court must therefore conduct a *de novo* review of the objections.

The Magistrate Judge recommended the petition be denied on the merits.  The respondent complains that the Magistrate Judge failed to address his contention that one ground for review was waived by petitioner's guilty plea and that the remaining ground for review was barred from consideration by *Teague v. Lane*, 489 U.S. 288 (1989).  However, in light of her recommendation that the petition be denied on the merits, there was no need for the Magistrate Judge to also consider the additional defenses proffered by the respondent.

Petitioner disagrees with the conclusions of the Magistrate Judge regarding the merits of his grounds for review. He also states he is being improperly subjected to trial by affidavit because no evidentiary hearing has been held and the findings of the state habeas court were based on affidavits rather than live testimony.

With respect to petitioner's second point, there was nothing improper about the fact finding procedure used by the state court. The United States Court of Appeals for the Fifth Circuit has repeatedly held that a paper hearing in state court is sufficient to afford a petitioner a full and fair hearing on the factual issues underlying his claims, especially where, as here, the trial court and the state habeas court were one and the same. *Murphy v. Johnson*, 205 F.3d 809, 816 (5th Cir. 2000).

With respect to petitioner's disagreement with the Magistrate Judge regarding the merits of his petition, the Court, after careful consideration, agrees with the conclusions of the Magistrate Judge. Petitioner has failed to establish that the adjudication of his claims by the state courts was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court, or that the adjudication was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

ORDER

Accordingly, the objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED** as the opinion of the Court. A final judgment shall be entered in accordance with the recommendation of the Magistrate Judge.

In addition, the Court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not

demonstrate that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, the petitioner has not shown that the issue of whether his claims are meritorious is subject to debate among jurists of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

**It is SO ORDERED.**

**SIGNED this 26th day of June, 2013.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE